UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANA NICKERSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ELECTRIC POWER COMPANY, INC., NICHOLAS K. AKINS, BRIAN X. TIERNEY, and JOSEPH M. BUONAIUTO, <br><br> Defendants. | Case No. 2:20-cv-04243-SDM-EPD <br> Judge Sarah D. Morrison <br> Magistrate Judge Elizabeth Preston Deavers |

**JOINT MOTION SEEKING ENTRY OF THE PARTIES' STIPULATION AND [PROPOSED] ORDER REGARDING TIME TO RESPOND**

The above-captioned putative class action, filed by Plaintiff on August 20, 2020, asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").[1] Plaintiff's claims are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and thus are subject to the PSLRA's mandatory procedures, including those governing the appointment of a lead plaintiff and lead plaintiff's counsel. *See* 15 U.S.C. § 78u-4.  Accordingly, and pursuant to the normal practice in PSLRA cases, the parties have conferred and are submitting with this motion an agreed Stipulation and Proposed Order Regarding Time to Respond ("Stipulation") (attached as Exhibit A), which sets deadlines for proceeding with the case in a manner consistent with the requirements of the PSLRA.  The

---

[1] "Defendants" as used in this motion refers collectively to American Electric Power Company, Inc., Nicholas Akins, Brian Tierney, and Joseph Buonaiuto.

parties respectfully request that this Court enter their agreed Stipulation. In accordance with the Court's Standing Orders, a Word version of the Stipulation will be emailed to Chambers.

### I. Overview of PSLRA Provisions Applicable to the Stipulation

The PSLRA applies to any class action case arising under the federal securities laws and establishes procedures governing how those cases proceed. *See* 15 U.S.C. § 78u-4. This includes requiring a class action plaintiff to publish a notice, within 20 days of the filing of their complaint, advising putative class members of the pendency of the action. 15 U.S.C. § 78u-4(a)(3)(A). Publication of the notice triggers a 60-day period during which any member of the purported class may file a motion with the court seeking approval to serve as lead plaintiff. *Id.* The court then has up to 90 days from the date the notice is published to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," based on the considerations set forth in the statute. 15 U.S.C. § 78u-4(a)(3)(B). The lead plaintiff selects and retains class counsel, who must also be approved by the court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff and plaintiff's counsel will then decide if they want to amend the complaint, or proceed with their claims based on the complaint on file.[2]

Given this mandatory process, it is not unusual for the parties in a PSLRA case to agree to a schedule that extends the time for the defendant to file a motion to dismiss or otherwise respond to the complaint until sometime after the court appoints a lead plaintiff and that lead plaintiff has either filed an amended complaint, or has designated a previously filed complaint as the operative complaint.

---

[2] In the event more than one action on behalf of a class asserting substantially similar claims is filed, those actions may be subject to consolidation with this case. 15 U.S.C. § 78u-4(a)(3)(B)(ii). As of the date of this motion, the parties are not aware of any such similar actions.

## II. Application of the Above PSLRA Provisions to this Case

Here, Plaintiff published the required class notice on August 20, 2020 (the same day Plaintiff filed the complaint). Accordingly, any purported class member seeking to be appointed as lead plaintiff must move the Court by October 19, 2020. The Court then has until November 18, 2020 to appoint a lead plaintiff, and thereafter (or at the same time) must approve lead plaintiff's counsel. The lead plaintiff must then determine whether to amend the complaint, or to proceed with the class claims as currently pled.

Consistent with the usual practice in PSLRA cases, counsel for the parties have conferred and have agreed to extend certain deadlines, and to set other deadlines, so that the litigation proceeds in a manner consistent with the requirements of the PSLRA, but also without unnecessary delay. More specifically, the parties' Stipulation, which they have submitted with this motion: (1) acknowledges that Defendants will accept service of the complaint; (2) temporarily stays Defendants' time to answer, move against, or otherwise respond to any complaint in this action until after appointment of a lead plaintiff and the filing of an amended complaint (or designation of the complaint on file as the operative complaint); and (3) requires the parties, within fourteen (14) days after entry of an order appointing a lead plaintiff, to submit to the Court a proposed schedule. The proposed schedule would include specific dates by which the lead plaintiff shall serve and file an amended complaint (or notify Defendants' counsel that an already-filed complaint will be the operative complaint), and Defendants shall respond to the operative complaint. To the extent Defendants elect to move to dismiss the complaint, the proposed schedule will include a briefing schedule for that motion.

## **CONCLUSION**

Accordingly, for the reasons explained herein, the parties respectfully request that the Court enter the Stipulation and Proposed Order Regarding Time to Respond they have submitted with this motion.

Dated:  August 28, 2020

| | |
|---|---|
| /s/  Daniel R. Karon | /s/ James A. King |
| Daniel R. Karon (0069304) | James A. King (0040270) |
| Trial Attorney | Trial Attorney |
| KARON LLC | PORTER, WRIGHT, MORRIS & ARTHUR LLP |
| 700 W. St. Clair Avenue, Suite 200 | 41 South High Street |
| Cleveland, Ohio 44113 | Columbus, Ohio  43215-6194 |
| Tel: 216-622-1851 | Tel: (614) 227-2051 |
| dkaron@karonllc.com | jking@porterwright.com |
| | |
| Laurence M. Rosen | J. Kevin McCall (*pro hac vice pending*) |
| Phillip Kim | Nicole A. Allen (*pro hac vice pending*) |
| THE ROSEN LAW FIRM, P.A. | JENNER & BLOCK LLP |
| 275 Madison Avenue, 34th Floor | 353 North Clark Street |
| New York, New York  10016 | Chicago, IL  60654-3456 |
| Telephone:  (212) 686-1060 | Telephone:  (312) 222-9350 |
| Facsimile:  (212) 202-3827 | Facsimile:  (312) 527-0484 |
| Email: lrosen@rosenlegal.com | Email: jmccall@jenner.com |
| pkim@rosenlegal.com | nallen@jenner.com |
| | |
| *Attorneys for Plaintiff Diana Nickerson* | *Attorneys for Defendants American Electric Power Company, Inc., Nicholas K. Akins, Brian X. Tierney, and Joseph M. Buonaiuto* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2020, a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filing System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.

/s/ James A. King
James A. King

Case: 2:20-cv-04243-SDM-EPD Doc #: 6 Filed: 08/28/20 Page: 5 of 5  PAGEID #: 65

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name.

5