UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------------X

DIANA NICKERSON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN ELECTRIC POWER COMPANY, INC., NICHOLAS K. AKINS, BRIAN X. TIERNEY, and JOSEPH M. BUONAIUTO,

    Defendants.

---------------------------------------------------------------------X

Case No.: 2:20-cv-04243-SDM-EPD

Judge Sarah D. Morrison

**NOTICE OF MOTION AND MOTION OF DIANA NICKERSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**

**CLASS ACTION**

    **PLEASE TAKE NOTICE** that pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Plaintiff Diana Nickerson ("Movant"), will and hereby does move this Court for an order:

    (a)    appointing Movant as lead plaintiff in this action;

    (b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Karon LLC as Liaison Counsel; and

    (c)    granting such other and additional relief as the Court may deem just and proper.

    This motion is made on the grounds that Movant: (1) timely filed this motion; and (2) is the most adequate Lead Plaintiff because, to her knowledge, Movant has the largest financial interest in the relief sought by the class and otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. In addition, Movant has selected and retained The Rosen Law Firm, P.A., to serve as Lead Counsel and Karon LLC as Liaison Counsel.

In support of this Motion, Movant files herewith a memorandum of law, the Declaration of Daniel R. Karon in support hereof, the [Proposed] Order, the pleadings and other files and records in this action, and such other written or oral argument as may be presented to the Court.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DIANA NICKERSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Plaintiff Diana Nickerson ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of American Electric Power Company, Inc. ("AEP" or the "Company") between November 2, 2016 and July 24, 2020, inclusive (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Karon LLC ("Karon") as Liaison Counsel for the Class.

The PSLRA provides that as soon as practicable the Court is to appoint as lead plaintiff the movant with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated below, Movant should be appointed to serve as Lead Plaintiff for the action because: (1) her motion for appointment as Lead Plaintiff is timely filed; (2) based on currently available information, Movant has the largest financial interest in this litigation; and (3) Movant will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Movant's selection of Rosen Law to serve as Lead Counsel and Karon as Liaison Counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Rosen Law has a long history of litigating

2

securities class actions and Karon has a long history with complex litigation including class actions. The firms possess the necessary resources to prosecute this action on behalf of the putative class aggressively.

## INTRODUCTION AND BACKGROUND

On August 20, 2020, Movant, along with Rosen Law and Karon, commenced this action against the Company and certain of its officers and directors for violations under the Exchange Act. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Daniel R. Karon ("Karon Decl."), Ex. 1.

Defendant AEP purports to be an electric public utility holding company which engages in the generation, transmission, and distribution of electricity for sale to retail and wholesale customers in the United States.

The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company covertly participated in the "the largest public corruption case in Ohio history"; (2) the Company secretly funneled substantial funds to Ohio political organizations and politicians to bribe politicians to pass Ohio House Bill 6, which benefitted the Company and its coal-fired generation assets; (3) the Company partially funded a massive, misleading advertising campaign in support of HB6 and in opposition to a ballot initiative to repeal HB6 by passing substantial sums through a web of dark money entities and front companies in order to conceal the Company's involvement; (4) the Company aided in subverting a citizens' ballot initiative to repeal HB6; (5) as a result of the foregoing, defendants' Class Period statements regarding the Company's regulatory and legislative efforts were materially

false and misleading; (6) as a result of the foregoing, the Company would face increased scrutiny; (7) the Company was subject to undisclosed risk of reputational, legal and financial harm; (8) the bribery scheme would jeopardize the benefits the Company sought by HB6; (9) as opposed to the Company's repeated public statements regarding a move to clean energy, it sought a dirty energy bailout; (10) as opposed to the Company's repeated public statements regarding protection of its customers' interests, the Company sought an extra and state-mandated surcharge on its customers' bills; and (11) as a result of the foregoing, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On July 21, 2020, Federal Bureau of Investigation agents arrested Ohio House Speaker Larry Householder in connection with an alleged illegal scheme involving bribery in return for Householder's championing of Ohio's House Bill 6 ("HB6"), which added an additional monthly fee to subsidize coal plants and eliminated state-imposed mandates on energy efficiency and renewable energy. That same day, the U.S. Attorney's Office for the Southern District of Ohio issued a press release entitled "Ohio House Speaker, former chair of Ohio Republican Party, 3 other individuals & 501(c)(4) entity charged in federal public corruption racketeering conspiracy involving $60 million[.]"

Also on July 21, 2020, criminal complaints and affidavits were filed in connection to the HB6 corruption allegations. These documents detailed a brazen scheme by Ohio-based energy companies to corrupt the political process and undermine democratic institutions in the State of Ohio in order to secure passage of HB6. The allegations contained in the criminal complaints and affidavits were supported by detailed transcripts of phone calls, recorded conversations, text messages, bank records and contemporaneous documentary evidence.

4

Then on July 25, 2020, the *Columbus Dispatch* reported that AEP, a beneficiary of HB6, made significant financial contributions to politicians and organizations that supported HB6's passage. The article stated the following, in pertinent part, regarding AEP:

> An affidavit filed by an FBI agent in the racketeering case details spending of $350,000 by an unidentified "interest group that was funded exclusively by $13 million from another energy company that supported HB 6."
>
> A source close to the investigation confirmed to The Dispatch that the energy company is American Electric Power. . .
>
> AEP benefited from the passage of House Bill 6 with its six-year-plus extension through 2030 of a monthly surcharge of up to $1.50 on Ohio residential electricity customers. Industrial and commercial customers can pay up to $1,500 a month. The fee generates about $50 million a year to subsidize a pair of old coal-burning power plants it partly owns in a consortium with other utilities.

On this news, the Company's share price fell $4.79 per share, or 5%, to close at $83.26 per share on July 27, 2020, the next trading day, damaging investors. As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

**I.      MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

5

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria, and is thus entitled to the presumption that Movant is the "most adequate plaintiff" for the Class.

### A. Movant is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the class and provide testimony at deposition and trial, if necessary. *See* Karon Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). While the PSLRA does not specify how to decide which plaintiff group has the largest financial interest in the relief sought, courts in the Sixth Circuit have determined that the plaintiff with the largest losses has the largest financial interest. *See St. Clair Cty. Employees' Ret. System v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, *3-5 (M.D. Tenn. 2019); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *4 (W.D. Tenn. Dec. 15, 2010) (movant with largest loss appointed as lead plaintiff). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, Courts routinely hold that financial loss is the factor given the greatest weight. *See St. Clair Cty. Employees' Ret. System*, 2019 WL 494129, *4 ("This Court has forged a middle path by

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

6

acknowledging the potential relevance of the first three *Olsten-Lax* factors, but giving the fourth factor the greatest weight."); *Blitz v. AgFeed Indus., Inc*., No. 3:11-0992, 2012 WL 1192814, at *7-8 (M.D. Tenn. Apr. 10, 2012). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 *4 (N.D. Ill. Mar. 15, 2005).

Movant suffered $5,038.98 in losses in connection with purchase of AEP securities during the Class Period. *See* Karon Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in AEP securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

  **C.** **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Securities Litigation*, 247 F.R.D. 432, 439 (S.D.N.Y. Jan. 24, 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are therefore typical of the other members of the Class.

### 2. Movant is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in AEP securities and is therefore extremely motivated to pursue claims in this action.

### D. Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Karon as Liaison Counsel. The firms have been actively researching the Movant's and Class Plaintiffs' claims, including filing the initial Complaint. The firms reviewed publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, Rosen Law has a long history of successfully litigating securities class actions and has prosecuted securities class actions

on behalf of investors and Karon has a long history of handling complex litigation including class actions. *See* Karon Decl., Ex. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and Karon as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 19, 2020

Respectfully submitted,

**KARON LLC**

By: */s/Daniel R. Karon*
Daniel R. Karon (0069304)
Beau D. Hollowell (0080704)
700 W. St. Clair Ave., Ste. 200
Cleveland, Ohio 44113
Telephone: (216) 622-1851
Fax: (216) 241-8175
Email: dkaron@karonllc.com
 bhollowell@karonllc.com

*Liaison Counsel*

10

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
 lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Daniel R. Karon*